# EXHIBIT C



**BARROWAYTOPAZ**
**KESSLERMELTZERCHECK** LLP
ATTORNEYS AT LAW

Writer's Direct Dial: (415) 400-3003
E-Mail: rabadou@btkmc.com

September 16, 2010

**VIA FAX**
Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 1007-1312

> **RE:**   *Johnson Investment Counsel, Inc. v. Transocean Ltd., et al.*
> **Case No. 10-cv-04515-NRB**

Dear Judge Buchwald:

We represent Danica Pension A/S ("Danica"), a proposed lead plaintiff in the above-referenced matter. We write in response to a letter dated September 15, 2010 addressed to the Court, in which Johnson Investment Counsel, Inc. ("Johnson") asks the Court to hold lead plaintiff briefing in abeyance pending Johnson's anticipated filing of a "notice of tag-along action" before the Judicial Panel on Multidistrict Litigation ("Panel"). Johnson's request is inconsistent not only with the Panel's Rules and case law from this District, but its own position on centralization. Accordingly, Danica respectfully requests that the Court deny Johnson's request and allow lead plaintiff briefing to go forward.

Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation rejects the relief requested by Johnson. As set forth in the Rule:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 ***does not*** affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

J.P.M.L Rule 1.5 (emphasis added). Consistent with J.P.M.L Rule 1.5, in *In re Duke Energy Corp. Sec. Litig.*, No. 02-CIV-3960 JSR, 2002 WL 1933798, at *1 (S.D.N.Y. Aug. 20, 2002), Judge Rakoff rejected a party's motion to suspend consideration of the appointment of a lead plaintiff because a motion was pending before the Panel. According to *Duke Energy*, "the filing of a motion before the MDL Panel does not require this Court to defer its consideration of the motions for appointment of lead plaintiff and lead counsel or in any other way defer the progress of this case." *Id.*; *see also In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818-819 (N.D. Ohio 1999) (PSLRA intended "to ensure that the lead plaintiff is appointed at the earliest possible time, and to expedite the lead plaintiff process"); *Barnet v. Elan Corp., PLC.*, 236

280 King of Prussia Road, Radnor, Pennsylvania 19087   T. 610-667-7706   F. 610-667-7056   info@btkmc.com
580 California Street, Suite 1750, San Francisco, California 94104   T. 415-400-3000   F. 415-400-3001   info@btkmc.com
WWW.BTKMC.COM





Hon. Naomi Reice Buchwald
September 16, 2010
Page -2-

F.R.D. 158, 160-161 (S.D.N.Y. 2005) (same). Here, Johnson's request cannot be reconciled with J.P.M.L Rule 1.5, *Duke Energy* or the PSLRA.

Johnson's latest requested relief is also curious given that Johnson filed its complaint *in this District* as well as papers with the Panel arguing that the cases properly belong *in this District*. By way of background, three related putative securities class actions were filed against Transocean Ltd. and certain of its officers. Two of the actions (*Johnson Investment Counsel, Inc. v. Transocean Ltd.*, Civ. No. 10-cv-4515-NRB (S.D.N.Y.) and *Foley v. Transocean Ltd.*, Civ. No. 10-cv-5233-NRB (S.D.N.Y.)) were filed in this District and the other action (*Yuen v. Transocean Ltd.*, Civ. No. 10-cv-01467-SSV-SS (E.D. La.) ("*Yuen*")) was filed in the Eastern District of Louisiana. On July 21, 2010, Johnson filed a motion with the Panel seeking centralization of the three actions in this District. On August 11, 2010, Transocean filed a response to Johnson's motion stating that it did not oppose the centralization of the actions in this District. Then, on reply before the Panel, Johnson changed its position and requested that the cases be transferred to the Southern District of Texas. On September 14, 2010, the Panel filed an Order deeming Johnson's own motion "seeking centralization, pursuant to 28 U.S.C. § 1407, of the actions ... to the Southern District of New York..." moot given the voluntary dismissal of *Yuen*. *See* Docket No. 31.

Now, Johnson has had a change of heart, would prefer the case elsewhere and expects the parties, the Court and the Panel to wait while Johnson decides what it wants. Johnson's appeal to "judicial economy" would be better served by Johnson taking a consistent position.[1] Danica, like the Employees' Retirement System of the Government of the Virgin Islands, respectfully submits that judicial economy is best served by moving forward with this case in this District. *See Duke Energy*, 2002 WL 1933798, at *1 (J.P.M.L Rule 1.5 was promulgated to "obviate" delay). The first step in that process is to appoint a lead plaintiff and approve lead counsel for the class pursuant to the PSLRA, something Johnson will have grave difficulty achieving given its smaller claimed loss under the last-in-first-out ("LIFO") accounting method and the law of *this* Circuit on investment advisors like Johnson. *See City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, No. 10-civ-2835(NRB), 2010 WL 2816797, at *1 (S.D.N.Y. July 15, 2010) (adopting LIFO); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 110-11 (2d Cir. 2008) (investment advisors lack Article III standing).

---

[1] Johnson also fails to explain why it filed a motion before the Panel on July 21, 2010 seeking to transfer the Transocean securities actions to this District rather than simply filing a "tag along" notice relating the Transocean actions to the securities class action lawsuit against B.P. if, as it now claims, the two actions involve common factual issues. Presumably, Johnson was fully aware of any common issues between the two cases given that it also filed a class action lawsuit alleging violations under the federal securities laws against BP *seven weeks* before filing its motion with the Panel. *See Johnson Investment Counsel, Inc. v. BP, PLC*, Civ. No. 10-cv-0903-RFD (W.D. La. filed June 7, 2010).





Hon. Naomi Reice Buchwald
September 16, 2010
Page -3-

Perhaps, given these authorities, Johnson now thinks it would have a better chance of being appointed lead plaintiff and having its seven proposed law firms approved in the Southern District of Texas. Regardless of the reason for Johnson's about-face, Danica respectfully asks the Court to enter an Order permitting the lead plaintiff applicants to proceed with the briefing on the motions for appointment as lead plaintiff consistent with the July 29, 2010 Stipulated Order and this District's local rules.

Respectfully submitted,

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP

Ramzi Abadou (admitted *pro hac vice*)

cc:    all counsel of record

