UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD P. FOLEY, on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSOCEAN LTD., et al.<br><br>Defendants | Civil Action No. 10-cv-5233-NRB<br><br>(ECF Case) |

## JOHNSON INVESTMENT COUNSEL, INC.'S MOTION TO INTERVENE TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF TEXAS

### INTRODUCTION

Lead plaintiff movant Johnson Investment Counsel, Inc. ("Johnson") respectfully moves to intervene in order to transfer *Foley v. Transocean, Ltd.*, Civil Action No. 1:10-CV-5233-NRB (S.D.N.Y.) ("*Foley*") to the Southern District of Texas. As this Court is aware, a related action, *Johnson Mutual Funds Trust, et al. v. Transocean Ltd et al.*, No. 10-cv-03487 (S.D. Tex.) ("*Johnson II*") is pending in the Southern District of Texas before the Honorable Melinda Harmon. Lead plaintiff movant Danica Pension A/S ("Danica") recently filed a motion to intervene, and transfer and consolidate, *Johnson II* to the Southern District of New York. *See* Opposed Motion to Intervene, *Johnson II* (S.D. Tex. December 8, 2010), ECF No. 22. Defendants Transocean Ltd. and Steven L. Newman (collectively "Transocean") filed a similar motion to transfer to this district. *See* Defendants' Motion to Transfer, *Johnson II* (S.D. Tex. December 10, 2010), ECF No. 24; Memorandum in Support of Defendants' Motion to Transfer, *Johnson II* (December 10, 2010), ECF No. 25.

Plaintiffs agree with Danica and Transocean that the actions should be consolidated, and agree that both New York and Texas have jurisdiction, but believe that consolidation in Texas is warranted. Johnson further believes, as appears to have been contemplated by the Judicial Panel on Multidistrict Litigation (discussed below), that both this Court and Judge Harmon should make the transfer determination. To that end, Johnson seeks intervention and the involvement of this Court.

Neither plaintiff nor defendant oppose Johnson's request to intervene.

## PROCEDURAL BACKGROUND

The first filed action involving Transocean securities stemming from the Deepwater Horizon incident was filed in Louisiana. *Yuen, et al. v. Transocean, Ltd., et al.*, No. 10-cv-1467 (E.D. La. filed May 13, 2010). Next came an action by Johnson, filed in New York. *Johnson Investment Counsel, Inc. v. Transocean Ltd., et al.*, No. 10-cv-4515-NRB (S.D.N.Y. filed June 8, 2010). ("*Johnson I*"). Last came this action, filed in New York on July 9, 2010.

As between New York and Louisiana, Johnson initially sought consolidation in New York. Motion, MDL No. 2191 (J.P.M.L. July 21, 2010), ECF No. 1. On August 10, 2010, however, the Panel consolidated all BP securities actions in Texas. *See* Transfer Order, *In re: BP p.l.c. Sec. Litig.*, MDL No. 2185 (J.P.M.L. August 10, 2010), ECF No. 24. At that point, Transocean filed a pleading indicating in part that either venue – Texas or New York – was appropriate. *See* Transocean Response, *In re Transocean Sec. Litig.*, MDL No. 2191 (J.P.M.L. Aug. 13, 2010), ECF No. 11. Shortly thereafter, Johnson amended their pleading to seek consolidation in Texas, citing the same logic that led the Panel to consolidate the BP securities

2

litigation in that forum. *See* Johnson Investment Reply, *In re Transocean Sec. Litig.*, MDL No. 2191 (J.P.M.L. August 30, 2010), ECF No. 12.[1]

The matter was set to be heard by the Panel on September 30, 2010. But on September 3, 2010, the plaintiff in *Yuen* voluntarily dismissed, depriving the litigation of its multidistrict character and causing the panel to cancel the hearing as moot. *See* Notice of Voluntary Dismissal Without Prejudice, *Yuen*, (E.D. La. September 3, 2010), ECF No. 49. In the continued belief that Texas is the appropriate venue, Johnson dismissed *Johnson I*, re-filed in the Southern District of Texas, and again asked the Panel to consolidate the cases in Texas. *See* Notice of Voluntary Dismissal, *Johnson I* (S.D.N.Y. September 27, 2010), ECF No. 37; Complaint, *Johnson II*, Civil Action No. 4:10-cv-03487 (S.D. Tex. September 27, 2010), ECF No. 1; Motion to Transfer, *In re Transocean Ltd. Sec. Litig.*, MDL No. 2201 (J.P.M.L. October 4, 2010), ECF No. 1.

Plaintiffs had thought the matter of consolidation might be resolved before the Judicial Panel on Multidistrict Litigation, which held a hearing on the matter on November 8, 2010. The Chair, however, commented during the argument as follows:

> JUDGE HEYBURN: There's jurisdiction in both places. I mean, essentially couldn't a 1404 motion be made by either -- well, in either party in either case and these cases will be then all in one place or another, these judges will talk, these judges will rule and - -

*See* Defendants Motion to Transfer Venue, Exh. A at 12, *Johnson II* (S.D. Tex. December 10, 2010), ECF No. 24. The Panel subsequently denied the motion to consolidate, presumably following Judge Heyburn's suggestion. *In re Transocean Ltd. Sec. Litig.*, MDL No. 2201 (filed

---

[1] Both Danica and Transocean ignore the timing of Plaintiffs' change in position regarding the best venue, and Danica instead suggests a sudden switch, supposedly explained only by nefarious motives regarding law relating to the selection of lead plaintiffs. *See Danica Pension A/S's Opposed Motion to Intervene to Transfer Johnson II to the Southern District of New York*, at 3 ("After initially seeking centralization in New York, on reply, Johnson abruptly changed its position and decided to seek centralization in the Southern District of Texas."). *See also Defendants' Memorandum in Support of Motion to Transfer Venue*, at 5. This is untrue, as the timing shows, and Johnson believes itself to be the appropriate lead plaintiff regardless of venue.

November 30, 2010), ECF. No. 31. This has led to motions to transfer being filed in both venues.

## ARGUMENT

### I. JOHNSON SHOULD BE GRANTED PERMISSION TO INTERVENE

Johnson moves to intervene under Rule 24(a)(2) of the Federal Rules of Civil Procedure, which governs intervention as of right, or, in the alternative, under Rule 24(b)(1)(B), which allows for permissive intervention. Substantially the same factors are considered under both interventions as of right and permissive intervention. *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 300 n. 5 (2d Cir. 2003). These factors are: "[T]he applicant must (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001). Johnson meets each of these requirements.

Johnson's motion is timely. It is filed within a week of a similar intervention motion by Danica in *Johnson II*. No party is prejudiced, and indeed no party opposes intervention. On the other hand, if the motion is denied applicant will be prejudiced, inasmuch as its interests as both a plaintiff and a Lead Plaintiff movant seeking consolidation in what it believes to be the most appropriate venue will be compromised.

Johnson has a claim and interest relating to the subject of the action, again both as a plaintiff and as a Lead Plaintiff movant. Johnson has a direct and substantial interest in seeing that both this Court and the *Johnson II* court consider all factors before making any consolidation decision.

Johnson's interests may be impaired by the disposition sought in *Johnson II* -- a consolidation with *Foley* -- if intervention in this Court is not granted. Johnson believes its interests are best served by consolidation in Texas, and those interests are impaired absent intervention.

Finally, Johnson's interests are clearly not adequately represented by the current parties in *Foley*. Foley has not sought transfer to Texas, and Transocean has opposed it.

Johnson meets all criteria for intervention. And there is symmetry to allowing intervention in both this court and in *Johnson II*, so that the two courts can together decide the most appropriate venue, as contemplated by the Panel.

## II. THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF TEXAS UNDER SECTION 1404(A).

A district court may exercise its discretion to transfer venue "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Among the factors to be considered in determining whether to grant a motion to transfer venue "are, *inter alia:* (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir.2006). Some courts have identified additional factors, including (1) "the forum's familiarity with governing law," and (2) "trial efficiency and the interest of justice, based on the totality of the circumstances." *Glass v. S & M NuTec, LLC*, 456 F.Supp.2d 498, 501 (S.D.N.Y. 2006).

In this case, a few of the factors stand out, given the Panel's August 10th decision to consolidate the BP securities cases in Texas. Johnson readily recognizes that there are differences between the BP and Transocean securities cases. However, significant and material similarities also are present.

Each case involves a common starting point—the April 20, 2010 explosion—and therefore necessarily will involve overlapping discovery. For example, all of the securities cases involve factual issues concerning material non-disclosures related to safety issues. In each securities complaint, the plaintiffs allege that the Horizon explosion was the result of non-disclosed safety hazards. Additionally, the parties that shared responsibility for the Horizon—such as BP, Transocean and Halliburton—are blaming each other. As a result, the parties in the BP securities case and the parties in the Transocean securities cases will need to conduct extensive overlapping discovery to determine which parties are responsible, what each party knew before the accident and when they knew it. Many of the witnesses will be in Texas, where both BP and Transocean have their bases for their Gulf Coast operations. A transfer to Texas, therefore, is the best method both to promote the convenience of the witnesses and avoid inconsistent court rulings concerning overlapping discovery.

Similarly, a transfer to Texas will ensure that the related BP and Transocean securities cases will be determined under the same law regarding issues relating both to class certification and the securities laws. This will promote consistency and efficiency.

On the other hand, there is no apparent benefit to be derived from keeping the related securities cases in different venues. While both courts are eminently qualified and capable, there would almost inevitably be conflicts and inefficiencies that would result.

## CONCLUSION

For the foregoing reasons, Johnson respectfully requests that this Court allow it to intervene, and that this Court transfer his matter to the Southern District of Texas to be consolidated with *Johnson II*.

Respectfully submitted,

/s/ *Stanley M. Chesley*
Stanley M. Chesley (Ohio Bar # 0000852)
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 621-0262
E-mail: stanchesley@wsbclaw.com


/s/ *Hunter J. Shkolnik*
Hunter J. Shkolnik (NY Bar #4854)
Rheingold, Valet, Rheingold, Shkolnik & McCartney, LLP
113 East 37th Street
New York, NY 10016-3042
Telephone: (212) 684-1880
Facsimile: (212) 689-8156

*Lead Counsel for Plaintiffs*

OF COUNSEL:

Richard J. Arsenault (LA Bar #02563)
NEBLETT, BEARD & ARSENAULT
Post Office Box 1190
2220 Bonaventure Court
Alexandria, LA 71309-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Daniel E. Becnel Jr. (LA Bar #24567)
P. O. Drawer H
Reserve, LA 70084
Telephone: (985) 536-1186
Facsimile: (985) 536-6445

W. Mark Lanier (TX Bar #11934600)
THE LANIER LAW FIRM
6810 FM 1960 West
Houston, TX 77069
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

Jerrold S. Parker, Esq. (NY Bar No. 1894666)
PARKER WAICHMAN ALONSO, LLP
6 Harbor Park Drive
Port Washington, NY 11050
Telephone: (516) 466-6500
Facsimile: (516) 466-6665

Camilo Salas, III (LA Bar #11657)
SALAS & CO., L.C.
650 Poydras Street, Suite 1650
New Orleans, LA 70130
Telephone: (504) 799-3080
Facsimile: (504) 799-3085

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2010, (i) I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record in this matter who are registered on the CM/ECF, and (ii) service was accomplished on any party not registered through the CM/ECF system via regular U.S. Mail.

/s/ _____